UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Eric Bodin** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. : 1:19-CV-00680 |
| | § | |
| | § | |
| **Liberty Life Assurance Company** | § | |
| **of Boston** | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Eric Bodin, Plaintiff herein, complaining of Liberty Life Assurance Company of Boston, (hereinafter referred to as "Liberty Life"), and for cause of action would show:

1. Plaintiff is a resident of Seguin, Guadalupe County, Texas.

2. Defendant, Liberty Life Assurance Company of Boston, is an insurance corporation duly and legally formed under the laws of the state of New Hampshire, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Jurisdiction is appropriate in this court as the matter in controversy arises under federal statutes. Plaintiff is entitled to recover under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 (ERISA), specifically including 29

U.S.C. §1132 (a)(1)(B) and 29 U.S.C. §1133. Plaintiff would show that he is a participant in or beneficiary of an employee welfare plan, which includes an insurance policy issued by Liberty Life. Plaintiff brings this action to recover benefits, to enforce his rights under the terms of the plan, to clarify his right to future benefits under the terms of the plan, and to obtain other appropriate equitable relief.

4. Plaintiff was employed as a skilled team member for Toyota responsible for troubleshooting, repair, and replacement of robotics equipment used to build Toyota trucks when he became disabled in September, 2015. Plaintiff suffers from fibrosing mediastinitis requiring a lung resection in May, 2014, a subclavian to atrial bypass and placement of a vascular stent in January, 2015 and a stent replacement in March, 2015. He suffers ongoing histoplasmosis, serous otitis media and resulting syncope, high blood pressure, anxiety, and depression. In February, 2017, he underwent inpatient treatment for depression following a suicide attempt. He filed a claim for long term disability benefits in alleging a September, 2015 disability onset.

5. Liberty Life initially approved Plaintiff's claim, but subsequently denied it effective March 11, 2018. Liberty Life contends Plaintiff did not meet the definition of disability under the plan after that date.

6. The policy at issue in this case was used in Texas and is subject to Chapter 1701 of the Texas Insurance Code. It was offered, issued, renewed, or delivered on or after February 1, 2011, and is subject to the laws of Texas. Any Discretionary Clause is void under Texas law and Liberty Life's decision to deny Plaintiff's claim is subject to *de novo* review pursuant to 28 Tex. Admin. Code § 3.1201.

2

7.  Plaintiff filed an appeal of Liberty Life's discontinuation of his benefits on August 3, 2018 and was wrongfully denied on November 8, 2018. Plaintiff has exhausted his administrative remedies.

8.  Defendant Liberty Life breached its contract of insurance with plaintiff. Although Plaintiff submitted a claim under his policy, Defendant wrongfully and with malice discontinued benefits which should have been covered.

9.  Plaintiff's individual long term disability contract provides benefits to Plaintiff to age 65 so long as Plaintiff continues to be disabled. Assuming a maximum gross monthly disability benefit of $3,221.92 and a monthly Social Security disability offset of $2,027.00, Plaintiff's past due benefits to date total $19,118.75. His future benefits to the expiration of his eligibility at age 65 total $219,352.10.

10. Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the benefits he has been denied, clarification of his right to receive future benefits under the policy, attorney's fees and expenses incurred herein and other appropriate equitable relief.

WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, he have judgment against Defendant for his damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of her right to receive future benefits under the policy, to which he may show himself justly entitled under the attending facts and circumstances.

    Respectfully submitted,

    Bemis, Roach & Reed
    4100 Duval Rd.,
    Bldg. 1, Ste. 200
    Austin, Texas  78759
    (512) 454-4000
    (512) 453-6335 (facsimile)
    greg@brrlaw.com

By: _____
    GREG REED
    State Bar No. 16677750