**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERIC BODIN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 1:19cv00680** |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND COUNTERCLAIM**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this, its Answer to Plaintiff's Original Complaint (the "Complaint") filed by Eric Bodin ("Plaintiff"), and Counterclaim, and states as follows:

1. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits the allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits this Court has jurisdiction over this action, but Liberty Life denies that venue is proper in this Court as it should have been filed in the San Antonio Division. Liberty Life admits Plaintiff was, at certain times, a participant in the Toyota Motor Engineering & Manufacturing North America, Inc. Long Term Disability Income Plan ("the Plan"). Liberty Life admits that, at certain times, it was the insurer of benefits from the Plan through the Group Disability Income Policy Number GF3-860-066619-01 (the "Policy") issued to Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota") by Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits Plaintiff was, at certain times, employed by Toyota as a Skilled Team Member. Liberty Life admits Plaintiff's last day of work with Toyota was on September 4, 2015. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that Plaintiff submitted a claim for benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits Plaintiff, at certain times, received benefits from the Plan under the Policy. Liberty Life admits that it sent a letter dated February 5, 2018, to Plaintiff and refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits it issued the Policy to Toyota with an effective date of January 1, 2015. To the extent that Paragraph 6 contains legal conclusions, Liberty Life is not required to answer. Liberty Life admits the Policy includes language pertaining to discretionary authority, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for benefits from the Plan under the Policy, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life admits that it sent a letter dated November 8, 2018, to Plaintiff's counsel and refers to the letter itself for the best evidence of its contents. Liberty Life

admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life denies all allegations contained in Paragraph 8 of the Complaint.

9. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits certain documents concerning Plaintiff's LTD policy benefit amount and claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life admits this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

Liberty Life denies all allegations contained in the Prayer of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject, in whole or in part, to an offset pursuant to the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Liberty Life asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Liberty Life in accordance with the terms of the document governing the Plans. Liberty Life also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Liberty Life or the Social Security Administration currently in the possession of Plaintiff. Additionally, Liberty Life seeks recovery from Plaintiff based on unjust enrichment of the

Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Liberty Life. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the plan, Plaintiff is obligated and specifically agreed to reimburse Liberty Life for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Liberty Life in breach of the terms of the plan. Liberty Life is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Liberty Life's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Liberty Life's reimbursement of benefits Plaintiff received from Liberty Life or the Social Security Administration; that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated: September 6, 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Greg Reed
Bemis, Roach & Reed, LLP
4100 Duval Road, Building One
Suite 200
Austin, Texas 78759
Email: greg@brrlaw.com

September 6, 2019 /s/ Iwana Rademaekers
Date Iwana Rademaekers